## Esther Spingold et al. v. David Tigner.

1.  VERDICTS—*When Not to be Set Aside as Against the Weight of the
Evidence.*—Unless a verdict is manifestly against the weight of the evi-
dence, a reviewing court will not interfere with a judgment based
upon it.

2.  PRACTICE—*Objections to Evidence Must be Shown in the Court
Below.*—Objections to evidence must be made in the trial court. Such
objections can not be interposed for the first time in the Appellate Court.

Action in Case, for maliciously swearing out a search warrant.
Trial in the Superior Court of Cook County; the Hon. JOHN BARTON
PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal
by defendant. Heard in the Branch Appellate Court at the October
term, 1898. Affirmed. Opinion filed May 2, 1899.

**Statement of the Case.**—This is an action instituted by
appellants against appellee for maliciously swearing out a
search warrant and causing their two business places to be
searched for stolen furs. Appellee, representing Henry
Bennett, a fur dealer of New York City, sold and shipped
to B. Forcher & Co., of Chicago, 1,000 Astrakhans and 50
black-dyed goat rugs. Afterward appellee, on behalf of
Bennett, commenced a replevin suit for these furs against B.
Forcher & Co. Not succeeding in obtaining the furs under
the replevin suit, appellee swore out a search warrant,

alleging that the furs in question had been stolen from said Bennett, and that such stolen goods were concealed at 299 and 339 South Clark street, occupied by appellants as pawn-brokers.

Appellee, accompanied by a constable, searched both places of business of appellants in the day time, read the warrants to appellants in the presence of customers, notwithstanding appellants' protests, and found nothing.

There was a jury trial and defendant found not guilty. Judgment was entered for costs against appellants, and a motion for a new trial having been overruled, this appeal is prosecuted.

B. M. SHAFFNER, attorney for appellants.

BLUM & BLUM, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

On behalf of appellants it is contended that the verdict is contrary to the evidence. The case was fully and fairly submitted to the jury. The law is, that unless the verdict is manifestly against the weight of evidence, a reviewing court will not interfere with a judgment based upon such verdict. After a careful examination of the testimony as it appears in the abstract, we are quite satisfied with the verdict. It does not appear to us to be manifestly against the weight of evidence.

It is also contended on behalf of appellants, that the trial court erred in permitting appellee to testify as to advice given to him by his attorneys, without having first shown that they were "respectable attorneys in good standing." As to this we need only to say that the admission of that testimony was not objected to at the trial. Such an objection can not be interposed for the first time in this court.

Appellants contend that the court below erred in modifying the following instruction asked by them, viz.:

"The court instructs the jury that by the constitution of this State it is provided that the right of the people to be

secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated."

"And if they believe from the evidence that the defendant caused or procured the premises of the plaintiffs in question to be searched and that such search was unreasonable, malicious, and made without probable cause, then the jury will find the defendant guilty."

The court declined to give the first sentence of that instruction, that is, the part which states what the constitution provides, and gave the balance. That portion of the instruction which was given stated the law correctly and fully as to the point involved. The part omitted was only an abstract statement of law embodied in the constitution of the State. There was no error in so modifying that instruction.

It is also contended on behalf of appellants, that the trial court erred in giving the fourth instruction asked by appellee, which is as follows, viz.:

"If you find from the evidence that B. Forcher & Co. purchased the furs in question, fraudulently and without any intention to pay for the same, then Bennett still had the right to rescind the contract of sale and recover back the furs in question."

That instruction is not pertinent to the issue, and should not have been given. We are, however, unable to see that it could have done any harm. It seems as though the court and counsel must have had in mind some question as to the title to, or possession of, the property—perhaps the replevin suit. The jury could not have understood it as bearing upon the question of malice or probable cause—or the advice of attorneys, or any other matter material to the issue between appellants and appellee.

Perceiving no reversible error, the judgment of the Superior Court is affirmed.